**Award**
**FINRA Dispute Resolution Services**

---

In the Matter of the Arbitration Between:

<u>Claimants</u>
Thomas and Diann Elliott

    vs.

<u>Respondents</u>
Center Street Securities, Inc.,
Jack Robert Thacker, Jr.,
Micah Harding Rayner,
Thomas Lisk,
Jason Lamb,
Billy James Aycock,
Anthony Michael Romano, and
Jeffrey T. Kennedy

<u>Case Number</u>: 22-02391

<u>Hearing Site</u>: St. Louis, Missouri

---

Awards are rendered by independent arbitrators who are chosen by the parties to issue final, binding decisions. FINRA makes available an arbitration forum—pursuant to rules approved by the SEC—but has no part in deciding the award.

Nature of the Dispute: Customers vs. Member and Associated Persons

This case was decided by an all-public panel.

The evidentiary hearing was conducted partially by videoconference.

## REPRESENTATION OF PARTIES

For Claimants Thomas Elliott and Diann Elliott ("Claimants"): Michael C. Bixby, Esq., Bixby Law PLLC, Pensacola, Florida, and Peter J. Mougey, Esq. and Page A. Poerschke, Esq., Levin Papantonio Proctor Buchanan O'Brien Barr & Mougey, P.A., Pensacola, Florida.

Respondent Center Street Securities, Inc. ("Center Street") was represented by counsel until April 19, 2024, on which date, Center Street's counsel filed a Notice of Withdrawal.

Respondent Jack Robert Thacker ("Thacker") was represented by counsel until January 30, 2025.  Thereafter, Thacker appeared pro se.

For Respondents Micah Harding Rayner ("Rayner"), Jason Lamb ("Lamb"), and Michael Anthony Romano ("Romano"): James L. Kopecky, Esq., Kopecky Schumacher Rosenburg LLC, Chicago, Illinois.

Respondent Thomas Samuel Lisk ("Lisk") was represented by counsel until January 15, 2025. Thereafter, Lisk appeared pro se.

Respondent Billy James Aycock ("Aycock") was represented by counsel until January 15, 2025. Thereafter, Aycock appeared pro se.

For Respondent Jeffrey T. Kennedy ("Kennedy"): Jon M. Stanfield, Esq., Rees, Kincaid & Stanfield, Overland Park, Kansas.

Center Street, Thacker, Rayner, Lamb, Aycock, Romano, and Kennedy, collectively, are referred to hereinafer as "Respondents".

## CASE INFORMATION

Statement of Claim filed on or about: October 18, 2022.
Amended Statement of Claim filed on or about: January 26, 2024.
Claimants signed the Submission Agreement: October 18, 2022 and January 29, 2024.

Statement of Answer filed by Center Street on or about: December 22, 2022.
Statement of Answer to Amended Statement of Claim filed by Center Street on or about: February 14, 2024.
Center Street signed the Submission Agreement: December 22, 2022.

Statement of Answer filed by Thacker, Lisk, and Aycock on or about: March 27, 2024.
Thacker, Lisk, and Aycock signed the Submission Agreement: March 26, 2024.

Statement of Answer filed by Rayner on or about: April 11, 2024.
Rayner signed the Submission Agreement: April 10, 2024.

Statement of Answer filed by Lamb on or about: April 11, 2024.
Lamb signed the Submission Agreement: April 10, 2024.

Statement of Answer filed by Romano on or about: April 12, 2024.
Romano signed the Submission Agreement: April 12, 2024.

Statement of Answer filed by Kennedy on or about: April 16, 2024.
Kennedy signed the Submission Agreement: April 1, 2024.

## CASE SUMMARY

In the Statement of Claim, as amended, Claimants asserted the following causes of action: breach of fiduciary duty; violation of FINRA/NYSE Rules, breach of contract and negligence; negligent supervision; violation of the Illinois Securities Law and other securities laws; fraudulent inducement to hold investment; control person/aider and abettor liability under Illinois and federal securities laws; and aiding and abetting breach of fiduciary duty. The causes of action related to Claimants' allegation that Respondents mishandled Claimants' assets by failing to properly allocate and diversify Claimants' investment portfolio. Claimants alleged that Respondents filled Claimants' portfolio with unsuitable securities, including various Non-

Conventional Investments (NCIs, also known as "alternative" products) and other high-commission and high-fee, illiquid, alternative investments such as Business Development Companies ("BDCs") and Limited Partnerships ("LPs").

Unless specifically admitted in the Statement of Answer to Amended Statement of Claim, Center Street denied the allegations made in the Statement of Claim, as amended, and asserted various affirmative defenses.

Unless specifically admitted in the Statement of Answer, Thacker, Lisk, and Aycock denied the allegations made in the Statement of Claim, as amended, and asserted various affirmative defenses.

Unless specifically admitted in the Statement of Answer, Rayner denied the allegations made in the Statement of Claim, as amended, and asserted various affirmative defenses.

Unless specifically admitted in the Statement of Answer, Lamb denied the allegations made in the Statement of Claim, as amended, and asserted various affirmative defenses.

Unless specifically admitted in the Statement of Answer, Romano denied the allegations made in the Statement of Claim, as amended, and asserted various affirmative defenses.

Unless specifically admitted in the Statement of Answer, Kennedy denied the allegations made in the Statement of Claim, as amended, and asserted various affirmative defenses.

## RELIEF REQUESTED

In the Statement of Claim, as amended, Claimants requested:

    (a) Actual damages of no less than $105,000.00, as well as all other losses, foreseeable or not, including non-pecuniary losses;
    (b) Disgorgement and return of all fees, management charges, and commissions;
    (c) Interest on Claimants' losses at the legal rate;
    (d) Claimants' costs, legal fees and expenses;
    (e) Rescission and/or statutory damages;
    (d) Punitive damages; and
    (e) Such other and additional damages and relief which the Panel deems just and equitable.

In the Statement of Answer to Amended Statement of Claim, Center Street requested that the Panel enter an award dismissing the claims in their entirety, with prejudice, and assess all forum fees against Claimants.

In the Statement of Answer, Thacker, Lisk, and Aycock requested that Claimants' claims be denied.

In the Statement of Answer, Rayner requested dismissal of all claims comprising the Statement of Claim in their entirety with prejudice and such other and further relief as the Panel deems just and proper.

In the Statement of Answer, Lamb requested dismissal of all claims comprising the Statement of Claim in their entirety with prejudice and such other and further relief as the Panel deems just and proper.

In the Statement of Answer, Romano requested dismissal of all claims comprising the Statement of Claim in their entirety with prejudice and such other and further relief as the Panel deems just and proper.

In the Statement of Answer, Kennedy requested that Claimants take nothing against him, that the Claimants' Amended Statement of Claim be dismissed in its entirety and in favor of Kennedy, and that Kennedy be awarded the costs of this proceeding, including all reasonable attorneys' fees and other further relief as the Panel deems appropriate.

At the hearing, Claimants requested compensatory damages in a range of $137,246.00 to $1,074,933.00, costs in the amount of $31,544.00; attorneys' fees at a 40% contingency rate, and punitive damages.

## OTHER ISSUES CONSIDERED AND DECIDED

The Arbitrators acknowledge that they have each read the pleadings and other materials filed by the parties.

On September 27, 2024, Thacker, Lisk, and Aycock filed a Motion to Dismiss pursuant to Rule 12206 of the Code of Arbitration Procedure ("Code"), Kennedy filed a Motion to Dismiss Ineligible Claims pursuant to Rule 12206 of the Code, and Rayner, Lamb, and Romano filed a Motion to Dismiss pursuant to FINRA Rules 12206 and 12404 (collectively, referred to as "Motions to Dismiss"). On October 28, 2024, Claimants filed a Consolidated Opposition to the Motions to Dismiss. On November 4, 2024, Thacker, Lisk, and Aycock filed a Reply in Support of their Motion to Dismiss and Rayner, Lamb, and Romano filed a Reply in Support of their Motion to Dismiss. On November 18, 2024, the Panel heard oral arguments on the Motions to Dismiss. In an Order dated the same day, the Panel ruled as follows: 1) Claimants, Rayner, Lamb, and Romano, having stated on the record that they settled the claims brought by Claimants against Rayner, Lamb, and Romano, in this proceeding, Rayner, Lamb, and Romano's Motion to Dismiss pursuant to FINRA Rules 12206 and 12504 are, by consent of those parties, withdrawn as moot.  2) Thacker, Lisk, and Aycock's Motion to Dismiss and Kennedy's Motion to Dismiss are denied without prejudice.

On November 20, 2024, Claimants filed a Notice of Settlement with Rayner, Lamb, and Romano. Therefore, the Panel made no determination with respect to any of the relief requests contained in the Statement of Claim, as amended, as to Rayner, Lamb, and Romano.

On January 17, 2025, Aycock filed a Motion that the Hearing be Conducted by Zoom ("Motion for Zoom Hearing"). On the same date, Lisk filed a Response in Support of Aycock's Motion for Zoom Hearing. On January 21, 2025, Claimants filed an Opposition to the Motion for Zoom Hearing. In an Order dated January 23, 2025, the Panel denied the Motion for Zoom Hearing.

On January 24, 2025, Claimants filed a Notice of Settlement and Withdrawal with Prejudice against Lisk. Therefore, the Panel made no determination with respect to any of the relief requests contained in the Statement of Claim, as amended, as to Lisk.

On January 26, 2025, Thacker, through his counsel, filed correspondence advising that he was ill with the flu and requested that the hearing be continued. Counsel for Thacker did not appear at the hearing. The Panel considered Thacker's request and denied his motion for a continuance, as his attorney could have appeared and represented his interests without Thacker's presence. The parties and the Panel further made arrangements for Thacker to appear via videoconference on January 31, 2025, and the Panel issued an Order to that effect. Thacker did appear and testified as ordered, although he did so without counsel. Thacker informed the Panel that his counsel had withdrawn, although during the hearing, the Panel was unaware of any formal withdrawal of counsel.

On January 27, 2025, Claimant filed a Notice of Settlement for Respondent Aycock. Therefore, the Panel made no determination with respect to any of the relief requests contained in the Statement of Claim, as amended, as to Aycock.

Center Street did not appear at the evidentiary hearing. Upon review of the file, the Panel determined that Center Street received due notice of the hearing and that arbitration of the matter would proceed without Center Street present, in accordance with the Code.

At the hearing, after Claimants' case-in-chief, Kennedy renewed his Motion to Dismiss on the basis that the claim was not eligible for arbitration because the securities were sold more than six (6) years prior to the filing of the claim. Claimants argued that Kennedy continued to advise them within the period of eligibility. The Panel took Kennedy's Motion to Dismiss under advisement. The Panel denies the Motion to Dismiss herein.

## AWARD

After considering the pleadings, the testimony and evidence presented at the hearing, and any post-hearing submissions, the Panel has decided in full and final resolution of the issues submitted for determination as follows:

1. Center Street, Kennedy, and Thacker are jointly and severally liable for and shall pay to Claimants the sum of $80,522.97 in compensatory damages.

2. Center Street, Kennedy, and Thacker are jointly and severally liable for and shall pay to Claimants interest on the above-stated sum at the rate of 9% per annum from the date of this Award, through and including the date that this Award is paid in full.

3. Center Street and Thacker are jointly and severally liable for and shall pay to Claimants the sum of $100,000.00 in compensatory damages.

4. Center Street and Thacker are jointly and severally liable for and shall pay to Claimants interest on the above-stated sum in # 3 at the rate of 9% per annum from the date of this Award, through and including the date that this Award is paid in full.

5. Center Street and Thacker are jointly and severally liable for and shall pay to Claimants the sum of $31,544.00 in costs.

6. Center Street and Thacker are jointly and severally liable for and shall pay to Claimants the sum of $300.00 in costs as reimbursement for the non-refundable portion of the filing fee.

7. Any and all claims for relief not specifically addressed herein, including any requests for punitive damages, treble damages, and attorneys' fees, are denied.

## FEES

Pursuant to the Code, the following fees are assessed:

### Filing Fees
FINRA Dispute Resolution Services assessed a filing fee* for each claim:

| | |
|---|---|
| Initial Claim Filing Fee | =$ 1,425.00 |

*The filing fee is made up of a non-refundable and a refundable portion.*

### Member Fees
Member fees are assessed to each member firm that is a party in these proceedings or to the member firm(s) that employed the associated person(s) at the time of the event(s) giving rise to the dispute. Accordingly, as a party, Center Street is assessed the following:

| | |
|---|---|
| Member Surcharge | =$ 1,700.00 |
| Member Process Fee | =$ 3,250.00 |

### Late Pre-Hearing Cancellation Fees
Fees apply when a pre-hearing conference is cancelled within three business days of the scheduled conference:

| | |
|---|---|
| March 20, 2024, cancellation requested by the parties | =$ 100.00 |
| Total Late Pre-Hearing Cancellation Fees | =$ 100.00 |

The Panel has assessed the total late pre-hearing cancellation fees joint and severally to Center Street and Thacker.

### Hearing Session Fees and Assessments

The Panel has assessed hearing session fees for each session conducted. A session is any meeting between the parties and the Arbitrator(s), including a pre-hearing conference with the Arbitrator(s), which lasts four (4) hours or less. Fees associated with these proceedings are:

| | |
|---|---|
| Three (3) pre-hearing session with the Panel @ $1,125.00/session | =$ 3,375.00 |
| Pre-Hearing Conference: February 9, 2023    1 session | |
| April 16, 2024    1 session | |

|  | November 18, 2024 | 1 session |  |  |
|---|---|---|---|---|
| Eleven (11) hearing sessions @ $1,125.00/session |  |  | =$ | 12,375.00 |
| Hearings: | January 27, 2025 | 2 sessions |  |  |
|  | January 28, 2025 | 2 sessions |  |  |
|  | January 29, 2025 | 2 sessions |  |  |
|  | January 30, 2025 | 3 sessions |  |  |
|  | January 31, 2025 | 2 sessions |  |  |
| Total Hearing Session Fees |  |  | =$ | 15,750.00 |

The Panel has assessed $1,125.00 of the hearing session fees jointly and severally to Thacker, Lisk, Aycock, and Kennedy.

The Panel has assessed $14,625.00 of the session fees jointly and severally to Center Street and Thacker.

All balances are payable to FINRA Dispute Resolution Services and are due upon receipt.

## ARBITRATION PANEL

| | | |
|---|---|---|
| Brett Coonrod | - | Public Arbitrator, Presiding Chairperson |
| Brenda Adams | - | Public Arbitrator |
| Laura Lee McLaughlin | - | Public Arbitrator |

I, the undersigned Arbitrator, do hereby affirm that I am the individual described herein and who executed this instrument, which is my award.

**Concurring Arbitrators' Signatures**


*Brett Coonrod*                                            02/13/2025
Brett Coonrod                                              Signature Date
Public Arbitrator, Presiding Chairperson


*Brenda Adams*                                            02/13/2025
Brenda Adams                                              Signature Date
Public Arbitrator


*Laura Lee McLaughlin*                                    02/14/2025
Laura Lee McLaughlin                                      Signature Date
Public Arbitrator


Awards are rendered by independent arbitrators who are chosen by the parties to issue final, binding decisions. FINRA makes available an arbitration forum—pursuant to rules approved by the SEC—but has no part in deciding the award.


February 14, 2025
Date of Service (For FINRA Dispute Resolution Services use only)