UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI

| | |
|---|---|
| THOMAS and DIANN ELLIOT<br><br>Plaintiff,<br><br>vs.<br><br>CENTER STREET SECURITIES, INC., JACK R. THACKER and JEFFREY T. KENNEDY<br><br>Defendants. | Civil Action No.:<br>4:25-cv-00205-RWS<br><br>ANSWER AND COUNTER-CLAIM TO VACATE ARBITRATION AWARD |

**Preliminary Statement**

1. Jeffrey Kennedy, representing himself in this matter, files this Answer to the Petition to Confirm an Arbitration award, and simultaneously files my own Counter-Claim Motion to Vacate the underlying FINRA Arbitration Award that was assigned FINRA Case No.: 22-02391 (the "Award").

2. I apologize for any layman errors that may occur in my response, but due to the fact that I am representing myself, I hope the Court will excuse my lack of experience defending myself in legal matters.

**Parties**

1. I am a resident of Giddings Texas, and had been working in the securities industry for approximately 17 years at the time the Petition was filed. I had been registered with Defendant Center Street Securities at all relevant times

2. The Elliots were clients of mine and are believed to have resided at all relevant times in Illinois.

1

**Background**

3.  Plaintiffs in this matter filed a Statement of Claim (the "SOC) through the arbitration forum offered by the Financial Industry Regulatory Authority, Inc. ("FINRA") on or about October 18, 2022 and I was added to the action on January 26, 2024 when they filed an amended SOC after the Broker Dealer, Center Street Securities, was shuttered by its parent company in an apparent attempt to avoid potential liabilities.

4.  The underlying arbitration was assigned FINRA Case No.: 22-02391.

5.  The subject matter of the FINRA Arbitration filed by Plaintiffs related to the handling and recommendations of securities in their brokerage account at Defendant Center Street.

6.  Respondent sought compensatory damages in the amount of between $137,426 and $1,074,933 and other damages, including punitive damages and legal fees lost and incurred as a result of the handling Plaintiffs' account.

7. The arbitrators assigned to hear the case were Arbitrators Coonrod, Adams and McLaughlin.  All arbitrators were  placed on the Panel to serve as a "Public Arbitrator" as that term is defined in the FINRA Rule Series 12100 (t). [1]

8. Hearings were held in the arbitration in Missouri on January 27 through 31, 2025.  It is important to note that the attorneys representing Defendant Center Street Securities and Defendant Thacker withdrew as counsel prior to these hearings.

9. On or about February 14, 2025, the Arbitrators assigned to the arbitration case awarded Plaintiffs damages of $80,522 against me and Defendants Center Street and Thacker jointly and

---

[1] FINRA defines non-public arbitrator as "a person who is otherwise qualified to serve as an arbitrator, and is disqualified from service as a public arbitrator under paragraph (aa).

severally and also awarded other amounts solely against Defendants Center Street and Thacker. See Exhibit "A" annexed to Plaintiffs' Petition. I also believe that Center Street is no longer in business and that Defendant Thacker has filed for bankruptcy protection.

10. The award rendered by the arbitrators should be vacated pursuant to 9 U.S.C. §10 because Arbitrator McLaughlin was misclassified in her status as a FINRA "Public Arbitrator" when the facts show she was a FINRA "Non-Public arbitrator" according to the Rules of FINRA, and the Panel was supposed to be comprised of all "Public Arbitrators".

11.  I attach as "Exhibit 1" to the Answer and Counter-Claim, the Profile of Arbitrator McLaughlin and refer the court to page 3 of 5 of that document.

12. As evidenced in the Profile of Arbitrator McLaughlin in the Arbitrator Background Information Section, Arbitrator McLaughlin was a contract attorney for no less than 16 entities, some of which were securities firms including Goldman Sachs, Merrill Lynch and Morningstar Inc.,

13.  This work experience of Arbitrator McLaughlin disqualified her from being classified as a "Public arbitrator" according to FINRA Rule 12100 (aa) because of her involvement within the securities industry. Under FINRA Rule 12100(aa) "a person shall not be designated as a public arbitrator, who was, for a total of 15 years or more, an attorney…who has devoted 20 percent or more of his or her professional time annually, to any entities listed in paragraph (aa)(1). That paragraph specifically identified a broker or a dealer or an entity organized or registered to the Securities Exchange Act of 1934, Investment Company Act of 1940, or the Investment Advisers Act of 1940.

---

[2] Goldman Sachs & Co. LLC is a registered broker dealer and investment adviser CRD#: 361/SEC#: 801-16048,8-129.

[3] Morningstar Investment Services LLC is a registered broker-dealer and investment advisor CRD#: 112525/SEC#: 801-60401,8-53593.

14. I ask this court to Vacate the Award and direct that another hearing be held through FINRA with a new panel because all 3 arbitrators were to be classified as Public arbitrators, but Arbitrator McLaughlin did not qualify for that classification given her experience.

15. To the extent that I must respond to the Petition to Vacate, I state that I deny the contention that the Petition should be granted and I allege that it should be denied.

## ANSWER TO PETITION

Unless specifically admitted, I deny all allegations made by the Plaintiffs. I respond to the Petition specifically as follows:

1. The paragraph states a legal basis which is for the court to decide. I deny, however, that the FINRA Arbitration Panel agreed with the Claimants securities fraud claims. In fact, these claims were specifically denied in paragraph 7 of the AWARD, and while FINRA Arbitrators have the power to refer Respondents for disciplinary action in cases of fraud, no such referrals were made.

2. I believe the Elliot's live in Illinois and are a retired couple, but I expressly disagree that they were victims of securities and investment fraud as these allegations were NOT agreed with by the FINRA Panel but were in fact specifically denied in paragraph 7 of the AWARD. I ask the court to avoid drawing any such conclusions from these additional accusations in this civil filing because the arbitration panel DID NOT CONCLUDE THAT FRAUD OCURRED.

3. I don't know the state of incorporation for Center Street and deny that I was implicated in Fraud in any manner, coordinated or otherwise.

4. I don't know the residency of Defendant Thacker.

5. I admit that I am a resident of Texas and that I resided in Illinois at times, but I deny that there was fraud in the handling of the accounts on the basis of the facts contained in the FINRA AWARD previously referenced.

6. The paragraph states a legal basis which is for the court to decide.

7. I deny any knowledge of the contentions raised in paragraph 7. I was never a Principle or even an employee of Center Street Securities and cannot speak to the alleged motivations of their actions.

8. The paragraph states a legal basis which is for the court to decide.

9. No securities fraud was found against me by the FINRA Arbitration Panel.

10. I deny the allegations in paragraph 10.

11. I deny that the award stated there was securities fraud. In fact, these claims were specifically denied in paragraph 7 of the AWARD, and while FINRA Arbitrators have the power to refer Respondents for disciplinary action in cases of fraud, none were made.

12. I deny that the award should be confirmed.

13. The paragraph states a legal basis which is for the court to decide.

14. The paragraph states a legal basis which is for the court to decide.

15. The paragraph states a legal basis which is for the court to decide.

16. The paragraph states a legal basis which is for the court to decide.

17. The paragraph states a legal basis which is for the court to decide.

18. The paragraph states a legal basis which is for the court to decide.

19. The paragraph states a legal basis which is for the court to decide.

20. The paragraph states a legal basis which is for the court to decide.

21. The paragraph states a legal basis which is for the court to decide.

22. The paragraph states a legal basis which is for the court to decide and my Counter-Claim speaks for itself.

23. The paragraph states a legal basis which is for the court to decide and I have filed a Counter-Claim Motion to Vacate.

24. Damages awarded by the FINRA Arbitration Panel were in fact NOT found to be due to securities fraud or violations of the securities rules and regulations, but were expressly denied by paragraph 7 of the AWARD.

WHEREFORE, I ask that the Petition to Confirm be Denied and my Counter-claim to Vacate be Granted.

*[signature]* 4/3/25

Jeffrey Kennedy

1093 County Road 205

Giddings, TX 78942

© 2025 FINRA. All rights reserved.   FINRA Dispute Resolution Services   Arbitrator ID:   A62917

**Respondent KENNEDY - EXHIBIT 1**

## Arbitrator Disclosure Report

Arbitrator last affirmed the accuracy of this Disclosure Report on   10/02/2024

### ARBITRATOR

| | | | |
|---|---|---|---|
| **Name:** | Ms. Laura Lee McLaughlin | **Classification:** | Public |
| **Arbitrator ID:** | A62917 | **FINRA Mediator:** | |
| **CRD #:** | | **Chair Status:** | None |
| **City/State/Country:** | Webster Groves / MO / United States | **DR Portal Registered:** | Yes |

### EMPLOYMENT

| Start Date | End Date | Firm | Position |
|---|---|---|---|
| 07/2024 | Present | Unemployed | N/A |
| 02/2023 | 07/2024 | Springfield College | VP General Counsel, Secretary |
| 07/2018 | 02/2023 | Eastern Illinois University | General Counsel |
| 11/2016 | 07/2018 | Epiq Global | Team Leader |
| 05/2016 | 11/2016 | Unemployed | N/A |
| 12/2008 | 05/2016 | Logan University | General Counsel |
| 09/2002 | 11/2008 | Armstrong Teasdale | Litigation Associate |
| 09/1997 | 11/2000 | GE Capital Mortgage Services | HR Manager |
| 05/1996 | 09/1997 | Multiplex | Manager HR |
| 11/1990 | 05/1996 | Missouri Higher Education Loan Authority | VP Human Resources |
| 06/1981 | 06/1990 | Washington University | Research Associate |

### EDUCATION

| Start Date | End Date | School | Degree |
|---|---|---|---|
| 09/1998 | 05/2002 | St. Louis University | JD |
| 09/1989 | 05/1991 | Washington University | MA |
| 09/1977 | 05/1981 | St. Louis University | BS |

### TRAINING

| Completed | Course | Details | Firm/School | Hours | Location |
|---|---|---|---|---|---|
| 05/2024 | Enhanced Expungement Training | | FINRA | 1 | online |
| 05/2024 | Duty to Disclose online mini-course | | FINRA | 1 | online |
| 11/2018 | Live Video Basic Panel Training | | FINRA | 2.5 | live WebEx |
| 10/2018 | Expungement online revised - 3/2009 | | FINRA | 1.5 | online |
| 10/2018 | Online Basic Panel Training | | FINRA | 8 | online |

© 2025 FINRA. All rights reserved. FINRA Dispute Resolution Services    Arbitrator ID: A62917

| | | | | |
|---|---|---|---|---|
| 10/2018 | New Online Civility Training | | FINRA | 1 | online |
| 10/2018 | Direct Communication Rule | | FINRA | 1 | online |

## CONFLICT INFORMATION

A neutral's current relationship with a FINRA member firm is considered a conflict of interest which precludes the neutral from serving on a case involving said firm. FINRA's list selection algorithm automatically screens for known conflicts with FINRA member firms when generating lists of potential neutrals for a case, and, where a known conflict exists, the neutral will not appear on a list in that case.

Note: Disclosures of type "Related Conflict With" are automatically added to the list of disclosures by FINRA using data found in the Central Registration Depository (CRD). These disclosures are not provided directly by the neutral.

| **Type** | **Firm Name** | **Details** |
|---|---|---|
| Has an account with | Merrill Lynch, Pierce, Fenner & Smith Incorporated | Cash Management Account and IRA |
| Has an account with | TIAA-CREF Individual & Institutional Services, LLC | IRA |
| Has an account with | TIAA-CREF Individual & Institutional Services, LLC | Neutral has a Retirement Savings Plan with Illinois University Retirement System |
| Related Conflict With | Advest, Inc. | Conflict due to firm affiliation |
| Related Conflict With | Banc Of America Investment Services, Inc. | Conflict due to a merger/acquisition |
| Related Conflict With | Banc Of America Securities Llc | Conflict due to a merger/acquisition |
| Related Conflict With | Bofa Securities Prime, Inc. | Conflict due to firm affiliation |
| Related Conflict With | Bofa Securities, Inc. | Conflict due to firm affiliation |
| Related Conflict With | Merrill Lynch Professional Clearing Corp. | Conflict due to a merger/acquisition |
| Related Conflict With | Nuveen Securities, Llc | Conflict due to firm affiliation |
| Related Conflict With | Pershing Llc | Conflict due to clearing relationship |

## DISCLOSURE INFORMATION

Neutral disclosures are provided for the parties' information but are not considered conflicts of interest. FINRA's list selection algorithm does not screen disclosure information when generating lists of potential neutrals for a case. The parties may consider this information when making decisions as to neutral selection.

Parties are encouraged to conduct their own due diligence for any prospective neutral, including their social media presence. Keep in mind that social media presence can change as accounts may be opened or closed, privacy settings may be changed and posts can be created, edited and/or taken down by the user. Social media posts made by FINRA neutrals do not reflect the opinions and views of FINRA.

| **Type** | **Firm Name** | **Details** |
|---|---|---|
| Currently on Board of Directors | United Way of Pioneer Valley | |
| Disclosed Online Activities | Avvo | https://www.avvo.com/attorneys/63119-mo-laura-mclaughlin-1872275.html |
| Disclosed Online Activities | LinkedIn | https://www.linkedin.com/in/laura-mclaughlin-a43855b/ |

© 2025 FINRA. All rights reserved.
FINRA Dispute Resolution Services                          Arbitrator ID: A62917

| | | |
|---|---|---|
| Disclosed Online Activities | Logan University | https://www.logan.edu/news/post/laura-mclaughlin-honored-by-the-st-louis-business-journal |
| Disclosed Online Activities | Springfield College | https://springfield.edu/directory/laura-mclaughlin |
| Disclosed Online Activities | Twitter | @mclwebster |
| Has made a disclosure about | AIG | Neutral was contract attorney for AIG through Epiq Global |
| Has made a disclosure about | Apotex Inc. | Neutral was contract attorney for Apotex Inc. through Epiq Global |
| Has made a disclosure about | Charter Communications | Neutral was contract attorney for Charter Communications through Epiq Global |
| Has made a disclosure about | Complete Merchant Solutions | Neutral was contract attorney for Complete Merchant Solutions through Epiq Global |
| Has made a disclosure about | DaVita Inc. | Neutral was contract attorney for DaVita Inc. through Epiq Global |
| Has made a disclosure about | Goldman Sachs & Co. LLC | Neutral was contract attorney for Goldman Sachs & Co. LLP through Epiq Global |
| Has made a disclosure about | Haight Brown & Bonesteel LLP | Neutral was contract attorney for Haight Brown & Bonesteel through Epiq Global |
| Has made a disclosure about | Husch Blackwell | Neutral was contract attorney for Husch Blackwell through Epiq Global |
| Has made a disclosure about | Kava Holdings | Neutral was contract attorney for Kava Holdings through Epiq Global |
| Has made a disclosure about | Morningstar Inc. | Neutral was contract attorney for Morningstar Inc. through Epiq Global |
| Has made a disclosure about | Norton Rose Fulbright-Houston | Neutral was contract attorney for Norton Rose Fulbright - Houston through Epiq Global |
| Has made a disclosure about | Shell Oil Company | Neutral was contract attorney for Shell Oil Company through Epiq Global |
| Has made a disclosure about | Sidley Austin LLP | Neutral was contract attorney for Sidley Austin LLP through Epiq Global |
| Has made a disclosure about | Wolluth Maher & Deutsch LLP | Neutral was contract attorney for Wolluth Maher & Deutsch LLP through Epiq Global |
| Has made a disclosure about | Zeta Global | Neutral was contract attorney for Zeta Global through Epiq Global |
| Has made a disclosure about | Zimmer Biomet | Neutral was contract attorney for Zimmer Biomet through Epiq Global |
| Has published | American Bar Association Section of Litigation | When Employee Secrets Become a Problem, 2006 |
| Has published | Washington Univ. School of Medicine in St. Louis | Several research abstracts while affiliated with Washington University in St. Louis |
| I was a client of | Armstrong Teasdale LLP | Neutral is no longer associated with Armstrong Teasdale |

| | | |
|---|---|---|
| Is a Member of Bar Association | American Bar Association | Presidential appointment to Standing Committee on Gavel Awards |
| Lectured for | American Bar Association Section of Litigation | Mental Health and Wellness for Attorneys |
| Lectured for | Logan University | Jurisprudence for Chiropractic Students |
| Licensed to Practice Law in | Illinois | #6279278 |
| Licensed to Practice Law in | Massachusetts | #712065 |
| Licensed to Practice Law in | Missouri | #53443 |
| My firm/employer was a client of | Armstrong Teasdale LLP | Former employer, Springfield College, was a client of Armstrong Teasdale LLP |
| Non-investment related lawsuit/charge | | Plaintiff in 2017 breach of contract case, judgment in favor of plaintiff |
| Non-investment related lawsuit/charge | Logan University | Defendant in Official Capacity as General Counsel in 2013 wrongful eviction case, dismissed |
| Previously on Board of Directors | City of Webster Groves | |
| Previously on Board of Directors | Miriam Foundation | Director |
| Received Honors | American Bar Foundation | Fellow |
| Received Honors | St. Louis Business Journal/Assn. Corp. Counsel | Top Education Counsel, 2014 |
| Represented in legal action | AIG Capital Services, Inc. | As counsel (2002-2008) Concluded |
| Represented in legal action | Merrill Lynch, Pierce, Fenner & Smith Incorporated | As counsel (2002-2008) Concluded |
| Represented in legal action | Southwest Bank | As counsel (2002-2008) Concluded |
| Was a member of | American Bar Association | Litigation Section, Div. Director and Former Co-Chair of Commercial and Business Litigation and Tort |
| Was a member of | Association of Corporate Counsel | |

## PUBLICLY AVAILABLE AWARDS FOR CASES INVOLVING PUBLIC CUSTOMERS

Publicly Available Awards for Cases Involving Public Customers Section, Current as of 03/05/2025

| Case ID | Case Name | Close Date | Role |
|---|---|---|---|
| 22-02391 | Thomas Elliott and Diann Elliott vs. Center Street Securities, Inc., Jack Robert Thacker, Jr., Micah Harding Rayner, et. al. | 02/14/2025 | Panelist |

## PUBLICLY AVAILABLE AWARDS FOR CASES NOT INVOLVING PUBLIC CUSTOMERS

Publicly Available Awards for Cases NOT Involving Public Customers Section, Current as of 03/05/2025

| Case ID | Case Name | Close Date | Role |
|---|---|---|---|
| 23-01307 | Dustin Keith Ward vs. Oneamerica Securities, Inc. | 12/20/2023 | Panelist |

## CASES CURRENTLY ASSIGNED INVOLVING PUBLIC CUSTOMERS

© 2025 FINRA. All rights reserved.   FINRA Dispute Resolution Services   Arbitrator ID: A62917

| Case ID | Parties and Current Representatives of Record | Date Assigned | Role |
|---|---|---|---|
| 22-02555 | Customer (Counsel: Mr. Mack Press, Esq., Washington, DC) vs. Arive Capital Markets (Counsel: Ms. Jodi Fauci, Cust, Staten Island, NY); Raquel E. Krispeal (Counsel: Mr. Anthony Varbero, Esq., Uniondale, NY); Giasamis Sideris (Counsel: Mr. Giasamis Sideris, Staten Island, NY); Lon Charles Faccini (Counsel: Mr. Lon Charles Faccini, Jr., Manorville, NY); Christopher Thomas Fusco (Counsel: Mr. John E. Lawlor, Esq., Mineola, NY); Joseph Anthony Amato, Rocco Gerard Guidicipietro (Counsel: Mr. Bryan Ward, Esq., Atlanta, GA) | 01/26/2023 | Panelist |
| 22-02365 | Customer (Counsel: Mr. Peter J. Mougey, Esq., Pensacola, FL) vs. Center Street Securities, Inc. (Counsel: Mr. Donald Pollard, Port Jefferson, NY); Jack Robert Thacker (Counsel: Mr. Jack R. Thacker, Murfreesboro, TN); Micah Harding Rayner, Jason Price Lamb, Michael Anthony Romano (Counsel: Mr. James L. Kopecky, Esq., Chicago, IL); Thomas Samuel Lisk (Counsel: Mr. Thomas S. Lisk, Abingdon, VA); Billy James Aycock (Counsel: Mr. Billy J. Aycock, Nashville, TN); Jeffrey T. Kennedy (Counsel: Mr. Jon M. Stanfield, Esq., Overland Park, KS) | 12/28/2022 | Panelist |

## CASES CURRENTLY ASSIGNED NOT INVOLVING PUBLIC CUSTOMERS

| Case ID | Parties and Current Representatives of Record | Date Assigned | Role |
|---|---|---|---|
| | There are no currently assigned cases. | | |

## ARBITRATOR BACKGROUND INFORMATION

I have practiced law since 2002, first as a business litigator and then as general counsel at three different colleges/universities. My most recent position was as the VP & General Counsel at Springfield College, in Springfield Massachusetts. I have extensive experience in litigating and arbitrating business, employment and labor issues. As to security claims, prior to going in-house, I represented both investors and broker/dealers.

I have homes both in St. Louis, Missouri and western Massachusetts.